BAXTER, A MINOR, APPELLEE, *v.* BAXTER, APPELLANT.

(No. 1375—Decided November 4, 1969.)

*Mr. Anthony J. Bowers,* for appellee.
*Mr. Paul H. Cunningham,* for appellant.

YOUNGER, J. In the court below this contested divorce case was tried upon the petition and the cross-petition. Each sought a divorce and the custody of the two-year-old son of the parties. After hearing the evidence, the court below dismissed plaintiff's petition and granted the divorce to the defendant upon his cross-petition on the grounds of gross neglect of duty and extreme cruelty. Upon the question of custody the court granted the legal custody and control of the minor child to the mother-plaintiff while the physical custody was granted to the plaintiff's mother, Ruth Dinan. The matter of custody has been appealed by the defendant-husband.

The evidence shows conclusively that the mother is not a fit person to have the custody of this child, which probably was the reason the lower court awarded the physical custody to the plaintiff's mother. It is a general proposition that in the matter of custody for a child of tender years courts are inclined to be charitable and generally award custody to the mother on the assumption that the natural love and affection of a mother for her child will outweigh and counterbalance some of her other shortcomings. But in this case such assumption is not well founded. It is negatived by the record.

It should also be noted that the physical custody sought to be given to the maternal grandmother is unusual and

irregular but was granted by the court below because of the conduct and behavior of the mother.

It is the finding of this court based on the record that the action of the trial court in awarding custody to the plaintiff is against the manifest weight of the evidence, and such action is reversed.

Having exercised our appellate jurisdiction in this matter, we now proceed further.

In this situation it becomes the prerogative of this court under the "modern courts" amendment to the Ohio Constitution, which became effective May 7, 1968 (*Euclid* v. *Heaton,* 15 Ohio St. 2d 65), to take original jurisdiction. Such amendment provides that the Court of Appeals may take original jurisdiction "in any cause on review as may be necessary to its complete determination." Section 3 B (1) (f), Article IV.

Acting under such authority, this court finds that the mother is an unfit person to have legal custody and that the court has no alternative under the statutes except to award legal custody to the father, there being no evidence in the record tending to show that he is not a fit person to have such custody. Such will be the order of this court.

Counsel for the appellee-wife has requested an allowance for his attorney fee on the appeal, and in his brief he has outlined the time required on this matter, the work involved in the preparation of the appellee's brief, and has requested the allowance of $2,500. He was allowed $500 in the court below, which involved two days in the trial. This court has seriously considered this matter, but in view of the very limited assets and income of the defendant, he having only a small equity in an old automobile, an allowance of $400.00 for such services will be made.

The shortness of this opinion in no way reflects the amount of consideration given by this court to the matters involved.

*Judgment accordingly.*

Cole, P. J., and Guernsey, J., concur.